IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-HC-2059-FL

| | | |
|---|---|---|
| DAVID EARL MAJORS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARDEN ATKINSON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's motion to dismiss, or in the alternative, motion for summary judgment (DE 5) pursuant to Federal Rule of Civil Procedure 56(a).[1] The motion was fully briefed. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion for summary judgment and dismisses this action without prejudice to allow petitioner the opportunity to exhaust his administrative remedies.

**STATEMENT OF THE CASE**

On April 10, 2002, the United States District Court for the Western District of Texas sentenced petitioner to a term of 262 months imprisonment pursuant to his conviction of possession with the intent to distribute cocaine. (Coll Decl.[2] ¶ 4 and Attach. 1, p. 3.) At some point after his sentencing, petitioner was transferred to the Federal Correctional Institution in Fort Worth, Texas ("FCI Fort Worth"). (Pet'r's Resp. Attach. p. 2.)

---

[1] Because the parties attached documents which are outside of the scope of the pleadings, the court construes respondent's motion as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a).

[2] Cornelia J. Coll ("Coll") submitted a declaration in support of respondent's motion for summary judgment. Coll is employed by the Federal Bureau of Prisons as a paralegal specialist. (Coll Decl. ¶ 1.)

On March 26, 2013, while at FCI Fort Worth, petitioner came to the aid of an FCI Fort Worth unit officer in need of medical assistance. (Pet'r's Resp. Attach. p. 2, 3.) Then, on May 13, 2013, petitioner filed a grievance at FCI Fort Worth requesting that he be awarded extra good-time credit pursuant to 28 C.F.R. § 545.29 for assisting the unit officer in obtaining medical attention. (Id. p. 1.) In response to petitioner's grievance, prison officials in Fort Worth, Texas recommended, on May 23, 2013, that petitioner receive a lump sum award of five days of meritorious good-time credit. (Id. p. 2, 3.) The recommendation was approved by both petitioner's unit team manager and the warden in Texas. (Id.; Pet. p. 1.)

After receiving the recommendation for the lump sum meritorious good-time credit award, petitioner was transferred to the Federal Medical Center in Butner, North Carolina ("Butner"). (Pet. p. 1.) Petitioner states that as of February 14, 2014, the Federal Bureau of Prisons ("BOP") has not adopted the recommendation of the FCI Forth Worth warden and unit manager that petitioner receive the five-day lump sum meritorious good-time credit award. (Id. p. 2.) Petitioner asserts that he raised the issue with Butner Warden Atkinson, who referred petitioner to Unit Manager Camacho. (Id.) Unit manager Camacho in turn informed petitioner that the recommended lump sum meritorious good-time credit award is reflected in the computer, but had not been applied to petitioner's sentence. (Id.) Camacho advised petitioner that there was nothing Camacho could do. (Id.)

On March 28, 2014, petitioner filed this action seeking a writ of mandamus pursuant to 28 U.S.C. § 1361, requesting that the court compel the BOP to award him five days meritorious good-time credit per month in accordance with FCI Fort Worth's recommendation. Respondent filed a motion for summary judgment, arguing that petitioner failed to exhaust his administrative

2

remedies for his claim.  Respondent also argues that the court should dismiss petitioner's claim

because petitioner is not entitled to additional good-time credit.  The motion was fully briefed.

## DISCUSSION

A.      Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and

the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Anderson v.

Liberty Lobby, 477 U.S. 242, 247 (1986).  The party seeking summary judgment bears the burden

of initially coming forward and demonstrating an absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the

nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material

fact requiring trial.  Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587

(1986).  There is no issue for trial unless there is sufficient evidence favoring the non-moving party

for a jury to return a verdict for that party.  Anderson, 477 U.S. at 250.

B.      Analysis

1.      Mandamus

The court first determines whether petitioner may proceed with this action as a writ of

mandamus pursuant to 28 U.S.C. § 1361.  Title 28 U.S.C. § 1361, provides:  "The district courts

shall have original jurisdiction of any action in the nature of mandamus to compel an officer or

employee of the United States or any agency thereof to perform a duty owed to the [petitioner]."

> Mandamus relief is available only when the petitioner has a clear
> right to the relief sought. In re: First Fed. Sav. & Loan Ass'n, 860
> F.2d 135, 138 (4th Cir. 1988). Further, mandamus is a drastic remedy
> and should be used only in extraordinary situations.  Kerr v. United
> States Dist. Court, 426 U.S. 394, 402 (1976); In re Beard, 811 F.2d
> 818, 826 (4th Cir. 1987).  Mandamus may not be used as a substitute

3

for appeal. See In re United Steelworkers, 595 F.2d 958, 960 (4th
Cir. 1979).

In re Paige, 138 F. App'x 518, 518 (4th Cir. 2005). The party seeking mandamus relief carries the

heavy burden of showing that he has "no other adequate means to attain the relief he desires and that

his right to such relief is clear and indisputable." In re Beard, 811 F.2d 818, 826 (4th Cir. 1987)

(internal quotations omitted). A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241

is an appropriate basis for a habeas petition where a prisoner challenges the execution of his/her

sentence. See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997) (citing Bradshaw v. Story, 86 F.3d

164, 166 (10th Cir.1996)); see also, Smith v. United States, No. C/A No. 6:07-cv-01793-GRA-

WMC, 2007 WL 2332416, at *5 (D.S.C. Aug. 13, 2007) (finding that § 2241 may be used to

challenge the computation of good-time credits). As a result, petitioner must proceed with his claim

challenging his sentencing credit pursuant to 28 U.S.C. § 2241.

      2.      Section 2241 Petition

Respondent contends that petitioner's challenge to the computation of his good-time credits

should be dismissed because petitioner failed to exhaust his administrative remedies. A federal

prisoner challenging the execution of his sentence must exhaust administrative remedies before

seeking review in federal court pursuant to 28 U.S.C. § 2241. See Woodford v. Ngo, 548 U.S. 81,

88-89 (2006); Timms v. Johns, 627 F.3d 525, 530-531 (4th Cir. 2010) (holding that a prisoner must

exhaust his administrative remedies prior to pursuing habeas corpus relief pursuant to § 2241);

McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam). Failure to exhaust may be

excused only upon a showing of cause and prejudice. McClung, 90 F. App'x at 445.

The BOP provides a four-step administrative remedy procedure. The first step in the process

requires an inmate to present his issue to staff in an attempt at informal resolution. See 28 C.F.R.

4

§ 542.13. If informal resolution is unsuccessful, an inmate may submit a formal written administrative remedy request to the warden using a BP-9 form. See 28 C.F.R. § 542.14. If an inmate is dissatisfied with the warden's response, he then may appeal to the BOP's regional director, using a BP-10 form, and then to the BOP's General Counsel, using a BP-11 form. See 28 C.F.R. § 542.15.

The record reflects that, on May 23, 2013, petitioner filed a grievance with FCI Fort Worth prison officials requesting an award of meritorious good-time credit based upon his provision of medical assistance to a correctional officer.[3] (Pet'r's Resp. Attach. p.1.) Both petitioner's unit manager and the FCI-Fort Worth warden thereafter recommended that petitioner receive a 5-day lump sum award of meritorious good-time credit. The BOP, which has the authority to award and calculate an inmate's good-time credit, has not awarded him the sentence credit at issue. See 18 U.S.C. § 3624(b). Petitioner did not subsequently file a grievance challenging the BOP's refusal to award petitioner the disputed five days of meritorious good-time credit. See (Coll Aff. ¶ 5.) Additionally, petitioner has not shown that he personally was prevented in any way from filing a grievance on the issue. Nor has he demonstrated any other grounds to establish cause or prejudice necessary to excuse his failure to exhaust administrative remedies. Thus, petitioner's claim is DISMISSED without prejudice to allow him the opportunity to exhaust his administrative remedies.

**CONCLUSION**

For the reasons stated above, respondent's motion for summary judgment (DE 5) is GRANTED, and petitioner's § 2241 petition is DISMISSED without prejudice to allow petitioner

---

[3] The record also reflects that petitioner submitted "inmate request to staff" forms to Butner staff regarding the instant issue. (Compl. Attach. pp. 4-5.) However, petitioner did not pursue the issue past the "inmate request to staff" stage. See (Coll Aff. ¶ 5.)

5

the opportunity to exhaust his administrative remedies. In the event petitioner exhausts his administrative remedies for the instant claims and the BOP elects to not award petitioner the disputed sentencing credit, petitioner may re-file this action. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 4th day of August, 2015.


LOUISE W. FLANAGAN
United States District Judge